16-3634-cv
Kennedy v. Fed. Express Corp., et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT:  RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                  *Circuit Judges*,
          JED S. RAKOFF,
                  *District Judge*.*
------------------------------------------------------------------
LISA KENNEDY,

          *Plaintiff-Appellant*,

                  v.                              No. 16-3634-cv

FEDERAL EXPRESS CORPORATION, ALVIN
BEAL, AS AIDER AND ABETTOR,

          *Defendants-Appellees.*
------------------------------------------------------------------

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT: LAWRENCE M. ORDWAY, JR., Bousquet Holstein PLLC, Syracuse, NY.

FOR APPELLEES: WHITNEY K. FOGERTY, *for* Federal Express Corporation, Memphis, TN.

Alvin Beal, *pro se*, Tigard, OR.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*). UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

Lisa Kennedy appeals from a judgment of the District Court (D'Agostino, J.) granting summary judgment to Federal Express Corporation ("FedEx"). On appeal, Kennedy argues that FedEx is not entitled to summary judgment under the Faragher/Ellerth doctrine. See Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764–65 (1998). Kennedy also argues that genuine disputes of material fact preclude summary judgment on her Title VII claims for sexual harassment, sex discrimination, and retaliation. We assume the parties' familiarity with the facts and record of the

prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

Viewing the record in the light most favorable to Kennedy and drawing all reasonable inferences in her favor, Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y., 822 F.3d 620, 631 n.12 (2d Cir. 2016), we conclude that she has raised a genuine dispute of material fact as to whether her supervisor, Alvin Beal, engaged in quid pro quo harassment by making threats or promises that "linked tangible job benefits to the acceptance or rejection of sexual advances," Karibian v. Columbia Univ., 14 F.3d 773, 778 (2d Cir. 1994). Kennedy testified that (1) Beal told her "[y]ou take care of me, I'll take care of you" in the context of Beal's sexual harassment and rape, and (2) Beal ordered her to come into the office on a Sunday and raped her when they were alone, after he had already raped her the previous month under similar circumstances. On this record, a reasonable jury could conclude that Kennedy submitted to Beal's sexual harassment because of a threat of discipline or promise of "continued employment." See Jin v. Metro. Life Ins. Co., 310 F.3d 84, 97 (2d Cir. 2002). Such quid pro quo harassment, if proven at trial, would constitute a tangible employment action and deprive FedEx of its affirmative defense under Faragher/Ellerth. Id. at 92.

3

Because FedEx has not established its entitlement to the <u>Faragher</u>/<u>Ellerth</u> defense as a matter of law, and because FedEx concedes for purposes of this appeal that Beal's conduct created a hostile work environment, we remand for further proceedings on Kennedy's claims for sexual harassment and sex discrimination.   With respect to Kennedy's retaliation claim, we affirm for substantially the reasons stated in the September 28, 2016 decision and order of the District Court.   <u>See</u> <u>Kennedy v. Fed. Express Corp.</u>, No. 5:13-CV-1540, 2016 WL 5415774 (N.D.N.Y. Sept. 28, 2016).

We have considered Kennedy's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED as to the retaliation claim and VACATED as to the sexual harassment and sex discrimination claims, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4